UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WALLACE MITCHELL,

    *Plaintiff*,

v.

LENNARD JOHNSON,

    *Defendant.*

No. 20-cv-2057 (DLF)

**MEMORANDUM OPINION AND ORDER**

Wallace Mitchell, an inmate formerly housed at the D.C. Jail, seeks a writ of habeas corpus under 28 U.S.C. § 2241, which applies to inmates in federal custody. *See* Pet., Dkt. 1. Also before the Court are Mitchell's (1) Motion for Recusal, Dkt. 10; (2) Motion for an Entry of Default and Judgment on the Pleadings, Dkt. 11; and (3) Second Motion for Default Judgment on the Pleadings, Dkt. 19. For the reasons that follow, the Court will deny Mitchell's motion for recusal and motions for default judgment and deny as moot his petition for writ of habeas corpus.

On July 27, 2020, Mitchell, proceeding pro se, filed his petition for writ of habeas corpus. *See* Pet. After the case was assigned to the undersigned judge pursuant to Local Rule 40.5(a)(3), the Court issued a show-cause order, directing the United States to file a response to Mitchell's petition. *See* Order of Aug. 11, 2020, Dkt. 3. The order instructed the Clerk of Court to serve the U.S. Attorney for the District of Columbia, the U.S. Attorney General, and respondent Lennard Johnson, the warden of the D.C. Jail. *Id.* On October 2, 2020, the show-cause order was served on the U.S. Attorney and U.S. Attorney General, Dkt. 6; however, the show-cause order was not served on Johnson until November 19, 2020, Dkt. 12.

On October 22, 2020, the United States filed a timely response with the Court, asserting that it was not a proper party to the lawsuit because the "petition solely challenges the actions of the District of Columbia Department of Corrections." *See* U.S. Resp. to Pet., Dkt. 8 at 1.  On October 27, 2020, the Court issued a show-cause order to the Attorney General for the District of Columbia, requiring a response "within 20 days of service."  Order of Oct. 27, 2020, Dkt. 9.  On December 22, 2020, the District of Columbia filed its response to Mitchell's petition.  D.C. Resp. to Pet., Dkt. 15.

Meanwhile, on October 26, 2020, Mitchell filed a motion for recusal, Dkt. 10, and a motion for entry of default and judgment on the pleadings, Dkt. 11.  On January 22, 2021, following the District of Columbia's December 22, 2020 response, the Court received Mitchell's second motion for default judgment on the pleadings, dated December 21, 2020. Dkt. 19.

## ANALYSIS

### A.    Recusal

In his motion for recusal, Mitchell incorporates by reference the "motion [for recusal] and its supplemental pleadings" that he filed in *Mitchell v. O'Donovan*, a related case before the undersigned judge.  *See* Mot. for Recusal at 2 (referencing Mot. for Recusal, *Mitchell v. O'Donovan*, No. 20-cv-1045 (D.D.C. filed June 22, 2020)).  In *O'Donovan*, the Court denied Mitchell's motion for recusal for several reasons: (1) Mitchell's motion for recusal relied on a paragraph from a previous opinion discussing his prior litigation practices and therefore was not an "extrajudicial source" contemplated by 28 U.S.C. § 455(a); (2) the Court's mention of his litigation history was properly used to assess Mitchell's credibility; and (3) unfavorable judgments alone rarely provide the basis for recusal.  *See* Mem. Op. & Order at 4, *Mitchell v. O'Donovan*, No. 20-cv-1045 (D.D.C. Sept. 8, 2020).  The Court also noted that its management

2

of the lawsuit "belie[d] Mitchell's claims of bias" because it had promptly responded to Mitchell's emergency motion for a preliminary injunction and Mitchell's claim that he had not received unredacted copies of documents filed in his case. *Id.* at 5.

The only pertinent difference between Mitchell's motion for recusal in *O'Donovan* and his motion for recusal in this case is that the Court denied his motions in *O'Donovan*. Because "unfavorable judicial rulings alone almost never constitute a valid basis" for a motion for recusal, *United States v. Hite*, 769 F.3d 1154, 1172 (D.C. Cir. 2014), and all the reasons stated by this Court in *O'Donovan* still apply, the Court will deny Mitchell's instant motion for recusal.

**B.     Writ of Habeas Corpus[1]**

Liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Mitchell's petition raises two constitutional claims: first, that his right to procedural due process was violated when he "was placed in punitive disciplinary segregation without notice or hearing, causing a loss of good conduct time," Pet. at 7, and second, that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the conditions he experienced while in "punitive

---

[1] As a threshold matter, the Court denies Mitchell's motions for default judgment, the first of which was filed before the proper respondents were served with the Court's show cause order, *see* Dkt. 11, and the second of which was filed *after* the District of Columbia had responded to the Court's order, *see* Dkt. 19. "Although the Rules of Civil Procedure apply in habeas corpus proceedings, *see Gonzales v. Crosby*, 545 U.S. 524, 529 (2005); *see also* Fed. R. Civ. P. 81(a)(4), it is improper to issue a default judgment granting a habeas petition." *Allen v. Tripp*, No. 13-cv-35, 2013 WL 1345842, at *1 (D.D.C. Apr. 2, 2013) (first citing *Bermudez v. Reid*, 733 F.2d 18, 21–22 (2d Cir. 1984); then citing *United States v. Brisbane*, 729 F. Supp. 2d 99, 107–08 (D.D.C. 2010)); *see also Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases."). Instead, because a habeas petition implicates the interest of "the public at large," a court must "ensur[e] that habeas petitions are granted only when the court is satisfied of their merits, on the basis of the best obtainable evidence." *Bermudez*, 733 F.2d at 22.

segregation," *id.*[2]  Mitchell asks the Court to hold an evidentiary hearing "to determine if due process has been violated," enjoin the respondent from placing him in punitive segregation without "an impartial hearing" in the future, and order the respondent to "restore [Mitchell's] good time credits." *Id*. at 8.  In response, Johnson argues that Mitchell's habeas petition is moot because he has been transferred to a federal prison in Florence, Colorado.  D.C. Resp. to Pet. at 2.  The Court agrees with the respondent.

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)); *see also* U.S. Const. art. III, § 2.  To ensure an actual controversy remains extant, mootness must be assessed at "all stages of review." *Decker v. Nw. Envtl. Def. Ctr.*, 568 U.S. 597, 609 (2013).  "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014).  This occurs when, for example, "intervening events make it impossible to grant the prevailing party effective relief," *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008), or when the Court's decision "will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," *Aref v. Lynch*, 833 F.3d 242, 250 (D.C. Cir. 2016).  Exceptions to the mootness doctrine may arise, however, when a challenged action is voluntarily ceased or capable of repetition yet evades review. *See Cierco v. Mnuchin*, 857 F.3d 407, 414–15 (D.C. Cir. 2017).

---

[2] Mitchell also states "Repetitive yet Evading Review" as a ground for relief.  *See* Pet. at 7.  The doctrine of capable of repetition yet evading review is not an independent constitutional claim but instead an exception to the mootness doctrine.  *See Sw. Bell Tel. Co. v. FCC*, 168 F.3d 1344, 1351 (D.C. Cir. 1999).  Its application to Mitchell's claims is discussed below.

Here, because Mitchell is no longer in Johnson's custody, his alleged constitutional violations cannot be repeated.  An injunction, therefore, would not provide effective relief.  *Munn Bey v. Dep't of Corrections*, 839 F. Supp. 2d 1, 6 (D.D.C. 2011) ("[A] prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison."); *see also Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993) ("[A]s the district court found, Cameron's impending transfer to Leavenworth made the claim for an injunction moot."); *Burke v. Lappin*, 821 F. Supp. 2d 244, 248 (D.D.C. 2011) ("[Plaintiff's] recent transfer from FCI Talladega renders his claims for injunctive and declaratory relief moot.").  Thus, Johnson is correct that Mitchell's constitutional claims are now moot.

Mitchell objects to this conclusion, contending that the challenged actions fall within the capable-of-repetition-yet-evading-review exception to the mootness doctrine.  Pet. at 7; Reply at 2–4, Dkt. 18.  This exception applies if "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again."  *Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019) (internal quotation marks omitted).  "The burden is on the petitioner to show that these requirements are met."  *S. Co. Servs. v. FERC*, 416 F.3d 39, 43 (D.C. Cir. 2005).

Mitchell has satisfied the first requirement because his allegedly unlawful detention was "in its duration too short to be fully litigated prior its cessation."  *Reid*, 920 F.3d at 832; s*ee also Mitchell v. Johnson*, No. 18-cv-3158, 2019 U.S. Dist. LEXIS 158197, at *4 (D.D.C. Sept. 17, 2019) (recognizing that Mitchell satisfied the first requirement of the capable-of-repetition-yet-evading-review exception in functionally identical circumstances); *Mitchell v. Johnson*, No. 17-cv-764, 2018 WL 4637361, at *2 (D.D.C. Sept. 27, 2018) (same).

Nevertheless, Mitchell has not satisfied the second requirement, namely, that he has a "reasonable expectation" that he will be subjected to the challenged actions again. *See Reid*, 920 F.3d at 832. Mitchell claims that even though he is currently housed in a federal facility in Colorado, he "has been advised by [the Superior Court of the District of Columbia] that as soon as the pandemic is cleared and the court normal operations resume, he will be returned to the District" to appear in pending matters. Reply at 3. But Mitchell provides no details concerning any possible return, the case for which he might be returned, or who told him that he may be returned. *See generally* Pet.; Reply. And at any rate, his theory of repetition depends on a speculative chain of events. First, Mitchell would have to be transferred back to the D.C. Jail, and not to some other facility in the D.C. area; then, Mitchell would have to commit an act that triggered disciplinary proceedings while he was housed at the D.C. Jail and be denied an evidentiary hearing during those proceedings; and finally, the D.C. Jail would have to place Mitchell in disciplinary segregation. Even assuming that Mitchell will be returned to the D.C. Jail at some future date, the second and third steps in the causal chain remain speculative possibilities. *See Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 107 (D.D.C. 2016) (A "speculative possibility [of recurrence] is not a basis for retaining jurisdiction over a moot case."). Thus, Mitchell does not have a "reasonable expectation" that he will be subject to the challenged actions in the future. *See Reid*, 920 F.3d at 832.[3]

---

[3] Mitchell's request for "restor[ation] of good time credits" also fails. *See* Pet. at 8. Mitchell was convicted of first-degree murder and sentenced in the Superior Court of the District of Columbia to twenty years to life imprisonment. *See Mitchell v. United States*, 629 A.2d 10, 11 n.2 (D.C. 1993). Courts in this district have recognized good time credits are unavailable to Mitchell under D.C. law. *See Johnson*, 2019 U.S. Dist. LEXIS 158197, at *4; *Mitchell v. Johnson*, No. 15-cv-1319, 2018 WL 6700566, at *2 n.3 (D.D.C. Dec. 20, 2018) (Mehta, J.) (same); *Mitchell v. Johnson*, 2018 WL 4637361, at *1 n.1 (Collyer, J.) (same); *see also Poole v. Kelly*, 954 F.2d 760, 763 (D.C. Cir. 1992) (per curiam) (denying habeas petitions challenging failure to award

Accordingly, it is

**ORDERED** that the petitioner's Motion for Recusal, Dkt. 10, is **DENIED**. It is further

**ORDERED** that the Petition for Writ of Habeas Corpus, Dkt. 1, is **DENIED AS MOOT**. It is further

**ORDERED** that the plaintiff's Motion for an Entry of Default and Judgment on the Pleadings, Dkt. 11; and Second Motion for Default Judgment on the Pleadings, Dkt. 19, are **DENIED**.

The Clerk of Court shall close this case.

April 30, 2021

DABNEY L. FRIEDRICH
United States District Judge

---

good time credit on the ground that D.C.'s Good Time Credit Act of 1986, D.C. Code § 24-201.29 (repealed Aug. 20, 1994), does not entitle persons sentenced for first-degree murder to such credits).